Next case on for argument is U.S. v. Iowara. Good morning, Mr. Nelson. Good morning. Why don't you wait just a second? We'll let folks walk out, and then we can give you our full attention. Good to go. Initially, I would note that I'm glad I have not purchased contact lenses online recently because the colloquy was most interesting and informative. May it please the Court. My name is Alan Nelson, and I represent the appellant, Alpha v. Iowara. The imposition of a sentence of 42 months, more than double the 18 months imposed upon his wife for identical conduct and with the same criminal history category, was substantively unreasonable. While a standard of review for a challenge of a sentence for substantive unreasonableness is high, abusive discretion, it does not equate to a rubber stamp. A close review of how the district court viewed the 3553 factors in determining that such a disparate sentence was sufficient but not greater than necessary to accomplish the statutory goals of sentencing can lead to only one conclusion. The district court did not follow the mandate of 3553's parsimony clause. With respect to the nature and circumstances of the offense, Iowara's wife and accomplice was equally, if not more, culpable than he. But isn't that what she got was dependent upon what she pleaded to and what your client got depended in part on what he pleaded? Absolutely. Absolutely. Statutorily, the Court was bound. However, guideline-wise, it was not pursuant to 3553's mandate to look at disparity under 3553a6. And part of the goal and function of the judiciary and their responsibility under 3553 is to rectify. But he's convicted of aggravated identity theft, and she is not, right? I'm sorry? He's convicted of aggravated identity theft, and she is not. That's correct. And aggravated identity theft has a two-year mandatory minimum. Correct. And it says that you – the statute says you can't reduce the other charges to account for the mandatory minimum, right? The statute does, but 3553 does not. So why does 35 – I have to – 3553a6 would permit the Court to take into account all of the relevant factors that 3553a – But how does that trump the mandatory minimum? 3553 deals with how a court should impose sentence within whatever the statutory range is, right? Right. So if you've got a statute that has a no mandatory minimum and a maximum of 20 years, the Court decides where it falls by considering the guidelines and also all the other factors that are relevant under 3553a. Absolutely. But has anyone ever held that 3553 trumps a mandatory statutory sentence? Of course not. Well, then I'm not sure I follow your answer. But certainly 3553 and 1028a are both statutes that are of equal import. And because they're both of equal import, then the Court can, and we submit a list of – Well, usually what we do is we decide which is the more specific. So is not the specific offense of which he was convicted more specific than the – than – or which he was convicted more specific than the general guidelines was identical. The offense was – No, but we're talking about which statute should trump, right? And so you're saying that there's a specific statute on point for the aggravated identity theft charge. Yes. And you're saying the general statute that governs how you impose sentences should trump that statute and require a modification of the sentence. It could be utilized to resolve the inequity of the plea decisions, or rather the case when the facts, conduct, and criminal history of the parties are identical. Wouldn't your argument, and maybe you'd say, sure, and this is great, but wouldn't your argument also apply in the case of a standard narcotics sentence with a five-year mandatory minimum? The – wouldn't it be equally arguable that since 3553 has the sentence below the five-year mandatory minimum? Absolutely not, because if the client was charged with a 3553 – I mean, a – a – a – either a five-year or a ten-year statutory mandatory minimum, the Court would be bound by that. Now, if it – Why is the Court not bound by that here? I just – I do not understand. It is bound by that. The Court is indeed bound by that, and the argument is not that 24 months was inappropriate, but rather that the Court should have taken into account under 3553a6 a variance to more equitably impose the sentence. Well, wait. But a variance from what? Is your argument that what the Court should have done was give less than 18 months on the other count? That's correct. But isn't that prohibited by the same statute about aggravated identity theft? It's prohibited under 1028, yes.  However, it is not prohibited under 3553a6. 3553a doesn't prohibit anything, as I read it. No, absolutely not. Absolutely not. So – It says balance them out and gives a number of factors. So the position of the – of the defense is that the Court should have, under the circumstances here, there were three important 3553 factors to consider. One, the nature of the offense itself, and the participation of the parties, which is identical. Two, the background and character of the individuals. And there it breaks down into two factors. One, what their prior criminal history is. They're both in the exact same history, criminal history Category 3. The Court dwelled considerably on Mr. Dior's prior criminal history, but the criminal history was actually a number of misdemeanors and violations, and those misdemeanors and violations were all for selling counterfeit CDs on the street, which is, in essence, what he had done in his livelihood through most of his life. And the other factor that should be considered, of course, is the individual's background and character and how it's going to affect this person going forward in terms of sentencing, both past, present, and future. And what the Court focused in on to a large extent as it related to Ms. Taylor was that she had Stage 1 breast cancer that had been recently diagnosed, had previously been in abusive relationships, and there was evidence to show that this was an abusive relationship. And if you look at all three of those, which I looked at closely, Ms. Taylor had Stage 1 breast cancer, which was in complete remission and under control. This is not somebody who has Stage 4 breast cancer, something which unfortunately you can't do. Didn't the Court bring that up to say that she got the diagnosis right around the time she entered into the ______? Indeed, but she had already ñ it was already diagnosed to Stage 1 and was under control. She did not need chemo. She did not need surgery. She did not need radiation. Yes, unfortunately, frequently women are diagnosed with breast cancer, but fortunately the large percentage survive and live forward, but not all do. So this is not a Stage 4 situation where the horror of what was about to occur should have been seriously considered in an appropriate way, but rather it was a factor to be considered. As it related to an abusive relationship, yes, she had been in abusive relationships, but her relationship as it concerned the offense had nothing at all to do with the offense conduct. She invented the scheme. She created the scheme. She recruited him for the scheme. Are you saying she should have had a heavier sentence? No. I'm saying they're equally culpable, not that ñ not that it should have been a factor to take into account to say that because they had an abusive relationship  But we look at it and we think that her sentence was lower because of these mitigating factors, and you're saying the mitigating factors were inappropriate, then wouldn't the remedy be increasing her sentence? No, that the Court placed an in ñ a greater amount of emphasis in rationalizing the disparity in sentencing upon those personal characteristics of her, if you look at them closely, which are not warranting a 50 percent lower sentence, when his factors were that he was about to be removed and will be removed to Benin, where his father might well have been executed, most of his family's been executed, and he's going there for certain, there's no doubt about it at this point, because of the nature of the fact that this is an aggravated felony, no ticket, no go, he's gone and he's going back there. And he has two children that he was supporting that he's never going to see and never going to support again. And the Court didn't take into account those factors, and those are really, really significant factors that counterbalance what her factors were, and the Court didn't consider them at all. So I would submit that when you go back and look at substantive unreasonableness, which requires in essence a shock to consciousness standard, a sentence of twice the amount of time for people who committed the identical acts with the same criminal history and who have backgrounds and collateral consequences that are both significant but his might well be significantly greater, a double-the-time sentencing is substantively unreasonable and therefore it would be in violation of the parsimony clause as applied in this case. Thank you. Roberts. Mr. Nelson, you've reserved three minutes for rebuttal. Mr. Hobson. Hobson. Hobson. May it please the Court, my name is Adam Hobson. I'm an assistant United States attorney in the Southern District of New York. I represent the United States on appeal, as I did below. The appellant has not raised any factors today or in his brief that were not considered by Judge Castell when he imposed a bottom-of-the-guideline sentence on Mr. D'Iawara. Judge Castell considered the adverse immigration consequences. He considered the defendant's history and upbringing. He considered the defendant's role in the offense. And importantly, he considered the sentence that he gave the defendant's co-defendant, even though he didn't have to. Mr. D'Iawara's counsel just now said that 3553a6 required him to consider co-defendant the sentence of the co-defendant. That's not true. This Court has held that 3553a6 requires the Court to consider national disparities, not disparities between co-defendants in the case. However, the Court is free to consider that. And here, Judge Castell, of course, did consider that. Citing these factors, Judge Castell's sentence was six months lower than what the probation office was recommending and it was at the very bottom of the guidelines range. There's no basis for finding that this sentence is so shockingly high that it constitutes an abuse of discretion. Kennedy. And that's all a very interesting argument. But isn't do we even need to reach that? Because tell me where he was convicted or he pled guilty to violating 1028A, right? Yes, Your Honor. And that has a provision, subsection b, that says notwithstanding any other provision of law, right? And it said that when it was adopted in 2004, which is subsequent to 3553, which is part of the 1984 statute. So notwithstanding section 3553, the mandatory two-year sentence shall not run concurrently with any other term of imprisonment and specifically prohibits in determining the term of imprisonment to be imposed on the felony during which this aggravated identity theft occurred, the Court shall not in any way reduce the term to be imposed for that because the person is also facing 24 months. Exactly, Your Honor. Now, that may be good policy or bad policy. We may like it. We may not like it. But am I wrong that the judge really had no choice? First, he did essentially what Mr. Nelson suggests he should have done, which is give the exact same sentence to the two defendants on the, what, mail fraud or bank fraud? It was bank fraud and access to vice fraud. Bank fraud and access to vice fraud. Gave them the exact same sentence because that's the appropriate sentence in his view for that offense where he had full discretion where to put it. And then Congress prohibits him from reducing that to take account of the fact that he's facing 24 months and requires him to impose a consecutive sentence of 24 months. Exactly, Your Honor. I think that's one of the most significant. So the only way that Mr. Diora could win is not just to show that this is unreasonable or we would think it was unreasonable if it was done in the judge's discretion, but that the statute is actually unconstitutional as imposing cruel and unusual punishment, because if it's constitutional, we have to follow it. Yes, Your Honor. I'm not sure if he would have to go all the way to the constitutional issue, but it's certainly true that the stat what Mr. Diora is asking, saying that Judge Castell should have done is ignore the instruction of the statutory mandate here. Well, I mean, yeah, to act unlawfully. Exactly. And, I mean, this is no accident. The history, and I was around for this as a district judge, you know, there's a similar consecutive sentencing thing, as you well know, in Section 924C. And I thought when I was first doing this, well, I guess I really the only fair way to honor the intent of Congress and impose a consecutive sentence is first do the drug sentence and then add 924C, 5 years. And I later got told by the courts that was wrong, by the higher, wiser courts above me, that no, it just, all it requires is that it be consecutive, and you can take into account the fact that somebody's facing a 5-year mandatory gun charge in deciding the narcotics thing. Well, Congress didn't change that or overrule that decision, but it wasn't, it clearly decided we're not going to be tricked again that way. We're going to make this one very explicit, that you can't, not just that it has to be a consecutive sentence, but that you cannot lower the other sentence because the guy is facing this additional 2 years. So, again, I just don't see how Judge Castell could have done anything else, at least once he decided that 18 months was the right sentence for both of these putatively, accepting Mr. Nelson's argument, equally culpable people with respect to the underlying scheme. That's correct, Your Honor. I'll also note, in fact, on the 924C point, that the United States Supreme Court case of Dean, which addressed 924C and whether the sentencing judge could consider that consecutive sentence in imposing the predicate of the predicate offense, contrasted it expressly to 1028A, because 924C does not include the statutory mandate that 1028A does. So is there any basis for thinking that 3553A6 somehow gave him the authority to trump? No. No. 3553A and specifically 3553A6 does not speak to the situation. It does not speak to when there's a mandatory minimum or a mandatory consecutive. It was passed prior to 1028A. It is less specific than 1028A. And, in fact, as I stated and as this Court has held, 3553A6 does not even pertain to disparities between codefendants in the same case. But 1028A says notwithstanding any other provision of law. So we don't even have to think, oh, we have these two contrasting things and one of them is more specific. The one that is more specific also says notwithstanding any other provision of law, and 3553 was on the books when it was passed. Exactly. Correct, Your Honor. If there are no further questions, I'll rest on the arguments in my submission. Thank you, Mr. Hobson. Mr. Nelson. Rather briefly. First, once the law is very clear that the sentencing court does not have to decide to do a comparison of the individual defendants, once the court does, this Court has the authority to review and compare the rational basis for doing so. So what would you have us tell the district court? That in a situation where, well — In this case, not in a situation. In this case, what do we say to Judge Kastel? Well, but for the statutory prohibition, which I'll address in a second, is that when you have equally situated defendants — We've got the statutory prohibition, so let's talk about what we say to Judge Kastel. My argument to the Court at this point is that, as applied to this case, without utilizing 3556 — 5386's disparity section, which asks the Court, one, to compare nationally individuals similarly situated, and, two, the parsimony clause mandating that the — that the sentence imposed is the least potential sentence that could be imposed, that under the facts of this case, that the 3553A6 provision would actually trump the application of 1028A's application and requirement of a mandatory consecutive sentence. There are certain — You'd like us to remand until — Yes. There are certain unusual circumstances where that occurs, and in this case, it's one of those circumstances because at no time did the government ever offer Mr. Diora a plea solely to the bank fraud charges. Yes, but that's something you take up with the government. I understand that. Judge Kastel. I only raise that for purposes of the overall scope of the record. Thank you very much. Thank you. Well-reserved decision in this case.